# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2628
_____

United States of America

*Plaintiff - Appellee*

v.

Jason L. Robbins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 10, 2014
Filed: May 22, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Jason L. Robbins guilty of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 1 and 3), and two counts of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Counts 2 and 4). Robbins appeals, arguing that the district

court[1] committed procedural error in ordering the sentences for Counts 1 and 2 to be served consecutively to the sentences for Counts 3 and 4.  We affirm.

The four counts of conviction arose from two separate incidents.  On August 19, 2009, Robbins stole a handgun from one of his neighbors.  Later that day, he went to his girlfriend's home, where he held the handgun to the head of his girlfriend's nine-year-old son in the presence of his girlfriend and her mother.  After being begged to release the boy, Robbins grabbed his girlfriend, struck her with the handgun, jammed the handgun into her mouth—cracking one of her teeth—and then forced her to exit the house at gunpoint.  Robbins threatened to kill a neighbor who tried to intervene.  When police arrived, Robbins fled on foot and discarded the handgun.

The second incident occurred on May 16, 2010.  Two police officers observed a stolen vehicle parked at a gas station.  When the officers approached the vehicle, the rear passenger, later identified as Robbins, exited the vehicle and began to flee.  As he fled, Robbins removed a handgun from his waistband and tossed it to the ground.  After Robbins was apprehended and handcuffed, he again tried to flee, but was unsuccessful.  An examination of the handgun that Robbins possessed during this incident revealed that it had been stolen from a residence a few weeks earlier.

As set forth above, a jury found Robbins guilty of all four counts.  Robbins's advisory sentencing range under the United States Sentencing Guidelines was 110 to 137 months' imprisonment.  The district court sentenced Robbins to concurrent 120-month sentences on Counts 1 and 2, the statutory maximum sentence for each count.  It also imposed concurrent 120-month sentences on Counts 3 and 4, but ordered the sentences for Counts 3 and 4 to be served consecutively to the sentences for Counts 1 and 2, resulting in a total sentence of 240 months' imprisonment.

---

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

We review sentencing decisions for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it commits significant procedural error, such as failing to adequately explain a chosen sentence. United States v. Bryant, 606 F.3d 912, 918 (8th Cir. 2010). Robbins argues that the district court committed procedural error by failing to explain its justification for ordering the sentences it imposed on Counts 1 and 2 to be served consecutively to the sentences it imposed on Counts 3 and 4. Robbins acknowledges that the district court mentioned the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3584(b) (requiring a court to consider the § 3553(a) factors in determining whether the sentences imposed will run concurrently or consecutively). He contends, however, that the district court "merely noted the existence of these factors without providing an explanation as to how they applied to the sentencing issues of this case."

We disagree. In sentencing Robbins, the district court stated that it had considered all of the § 3553(a) factors and then discussed the individual factors it found to be most significant in the case, which included the nature and circumstances of the offenses; Robbins's history and characteristics; and the need for the sentence imposed to promote respect for the law, to reflect the seriousness of the offenses, to provide just punishment for the offenses, to protect the public, and to deter criminal conduct. In discussing those specific factors, the district court emphasized the vulnerability of the victims involved in the August 2009 incident; Robbins's lengthy criminal history, which had spanned most of his adult life; Robbins's lack of respect for the law, as demonstrated by his repeated attempts to flee and resist arrest when confronted; and Robbins's prior domestic assault. The district court acknowledged Robbins's request for concurrent 110-month sentences on each offense, but concluded that 110 months' imprisonment would not be sufficient in light of Robbins's actions, his history and characteristics, and the need to protect the public. We thus conclude that the district court adequately explained the sentence and did not err in ordering the sentences for Counts 1 and 2 to be served consecutively to the sentences for Counts 3 and 4. See Bryant, 606 F.3d at 920 (explaining that the district court has discretion

-3-

under § 3584 to impose consecutive terms of imprisonment and in doing so, must consider the factors set forth in § 3553(a)).

The judgment is affirmed.

_____